**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MARTIN RAGSDALE, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:20-cv-00560 |
| v. | ) ) | |
| AMAZON WEB SERVICES, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Amazon Web Services, Inc. ("AWS"), by its undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the action captioned *Martin Ragsdale v. Amazon Web Services, Inc.* currently pending in the Circuit Court of Cook County, Illinois, Civil Division, as Case No. 2019-CH-013251. In support of removal, AWS states as follows:

1.      On November 15, 2019, Plaintiff Martin Ragsdale ("Plaintiff") filed a putative Class Action Complaint alleging that AWS violated Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., by storing "data and information that is generated as a result of the capture, collection, and processing of biometric identifiers" without complying with BIPA's notice and consent requirements. (*See, e.g.*, Compl. ¶ 4.) (A copy of the Complaint and Summons served on AWS is attached hereto as **Exhibit A**.)

2.      AWS was served on January 8, 2020. (*Id.*) Removal is timely because this notice is filed within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b)(1).

3.      Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division is the District Court of the United States for the district and division embracing the Circuit Court of Cook County, Illinois.  28 U.S.C. § 93(a)(1).

4.      In her Complaint, Plaintiff alleges (but AWS does not concede) that AWS—"a leading cloud provider"—"offer[s] its customers the ability to store their data, access their data remotely, and create back-up copies of their data," (Compl. ¶ 2), and that AWS "offers cloud storage services for businesses that handle biometric identifiers and biometric information."  Compl. ¶ 4. Plaintiff further claims that AWS violated BIPA by "obtaining Plaintiff's biometric information" without having a "publicly available . . . biometric data retention and destruction policy," in alleged violation of 740 ILCS 14/15(a), (Compl. ¶ 37), and by "fail[ing] to provide Plaintiff with any notice concerning the purpose for which his biometric information was being stored . . ., the length of time for which [AWS] planned to store his biometric information, or when [AWS] planned to delete his biometric information, nor did [AWS] obtain[] Plaintiff's written consent before storing his biometric information," in alleged violation of 740 ILCS 14/15(b).  (Compl. ¶ 47.)

5.      Plaintiff seeks to represent a putative class defined as follows: "All residents of the state of Illinois whose biometric identifiers or biometric information was stored by [AWS] on behalf of a third-party at any time within the applicable limitations period."  (Compl. ¶ 24.)

6.      On behalf of himself and the putative class, Plaintiff seeks: (1) injunctive relief in the form of an order "requiring [AWS] to comply with BIPA"; (2) "statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2)"; (3) "statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1)"; and (4) "reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3)." (Compl. at pp. 9-10.)

7.     This putative class action is subject to this Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because minimal diversity exists and the amount in controversy exceeds $5,000,000.

**I.     Removal Is Proper Under The Class Action Fairness Act ("CAFA").**

8.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).  CAFA amended 28 U.S.C. § 1332 to grant U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2), (d)(5)(B).

**A.     This Matter is a "Class Action" Under CAFA.**

9.     Plaintiff purports to represent a "class" of individuals pursuant to 735 ILCS 5/2-801 *et seq.*  (*See* Compl. ¶¶ 24–31.)  Therefore, this action is properly considered a "class action" under CAFA.  *See* 28 U.S.C. § 1332(d)(1)(B).

10.     The putative class action described in the Complaint satisfies the requirements of CAFA.  While the precise number of individuals in the class cannot be determined until discovery, Plaintiff alleges that "[t]here are at least thousands, if not hundreds of thousands, of members of the Class."  (Compl. ¶ 26.)  *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[Defendant] may rely on the estimate of the class number set forth in the complaint.").

**B.     The Minimal Diversity Requirement is Met.**

11.     Plaintiff is a "resident and citizen of the state of Illinois."  (Compl. ¶ 15.)

12.     A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  AWS is a

"Delaware corporation," (Compl. ¶ 14), with its headquarters and principal place of business located in Seattle, Washington, making AWS a citizen of Delaware and Washington for purposes of minimal diversity.

13.     Therefore, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).  *See e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity existed under CAFA when the class representatives were citizens of Illinois and the defendant was a Delaware corporation with its principal place of business in Arizona).

**C.     The "Matter in Controversy" Aggregated Across All of the Class Members' Claims Meets the CAFA Threshold.**

14.     The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

15.     AWS's burden to demonstrate the amount in controversy is low and need show only that there is "a reasonable probability that the stakes exceed the minimum."  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).  Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence."  *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citation omitted).

16.     AWS denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, and that Plaintiff is entitled to any alleged claims for monetary and other relief.  Solely for purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

17.     Plaintiff alleges "knowing and willful" violations of BIPA, (Compl. ¶¶ 40, 50), which carry statutory damages of $5,000 per violation. 740 ILCS 14/20. Plaintiff also alleges at least two separate BIPA "violations" in Counts I–II. (Compl. ¶¶ 32-51.) Based purely on the Complaint's allegations (which AWS denies), and assuming an aggregate class size of only 1,000 (far less than the alleged class size of "at least thousands, if not hundreds of thousands," (Compl. ¶ 26)), if each class member is entitled to recover for only two "violations," recovery of greater than the $5,000,000 jurisdictional threshold is not "legally impossible" (*i.e.*, 1,000 class members x $5,000 statutory damages x 2 violations = $10,000,000).[1] *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008).

## II.     Article III Standing Exists In This Court.

18.     Standing exists in this case under Article III of the U.S. Constitution, as the Seventh Circuit has held that where privacy rights are concerned, "the dissemination to a third party of information in which a person has a right to privacy is a sufficiently concrete injury for standing purposes." *Dixon v. Washington & Jane Smith Cmty.-Beverly*, No. 17 C 8033, 2018 WL 2445292, at *10 (N.D. Ill. May 31, 2018) (citing *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 911–12 (7th Cir. 2017)).

19.     Here, Plaintiff alleges that his biometrics were disclosed between AWS and "its commercial customers." (Compl. ¶ 18); (Compl. ¶ 45) (alleging that AWS stores information and makes the information available "for remote and third-party access"); *see Dixon*, 2018 WL 2445292, at *9 ("The allegation that [defendant] disclosed [plaintiff's] fingerprint data to [a third party] without informing her distinguishes this case from others in which alleged violations of BIPA were determined insufficiently concrete to constitute an injury in fact for standing

---

[1] AWS includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct.

purposes."); *see also McGinnis v. United States Cold Storage, Inc.*, No. 19 C 00845, 2019 WL 7049921, at *3 (N.D. Ill. Dec. 23, 2019) (remanding BIPA case due to lack of Article III standing where, unlike here, plaintiff did not claim "that the disclosure subjected his biometric information to a heightened risk of identity theft now that it has been disclosed").

20.     Pursuant to 28 U.S.C. § 1446(d), AWS will promptly provide written notice of removal of this action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

21.     AWS submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding either the Complaint's allegations or that Plaintiff pled claims upon which relief can be granted.

Dated:  January 24, 2020                    Respectfully submitted,

                                            **AMAZON WEB SERVICES, INC.**

                                            By: */s/ Elizabeth B. Herrington*
                                                    Elizabeth B. Herrington
                                                    Alex D. Berger
                                                    Tyler Z. Zmick
                                                    Alborz Hassani
                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                    77 West Wacker Dr.
                                                    Chicago, IL 60601-5094
                                                    Tel. 312.324.1445
                                                    Fax 312.324.1001
                                                    Beth.Herrington@morganlewis.com
                                                    Alex.Berger@morganlewis.com
                                                    Tyler.Zmick@morganlewis.com
                                                    Al.Hassani@morganlewis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2020, I caused a copy of the foregoing

Notice of Removal to be filed through the Court's CM/ECF System and served the below Counsel

of Record via First Class U.S. Mail and electronic mail:

Jad Sheikali
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
Tel. 312.893.7002
jsheikali@mcgpc.com
aheldut@ mcgpc.com

*Counsel for Plaintiff*

*/s/ Elizabeth B. Herrington*
Elizabeth B. Herrington